UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOLLBROOK, LLC,

       Plaintiff,

v.

CITY OF TROY,

       Defendant.
_____/

Case No. 17-cv-11417

HON. MARK A. GOLDSMITH

# OPINION AND ORDER
# GRANTING DEFENDANT'S MOTION TO DISMISS (Dkt. 11)

This matter is before the Court on Defendant City of Troy's motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. 11). The issues were fully briefed, and a hearing was held on September 19, 2017. For the reasons discussed below, the Court grants Defendant's motion.

## I.    BACKGROUND

Plaintiff Tollbrook, LLC is the owner of three parcels of property located in Defendant City of Troy.[1] See Compl. ¶ 2 (Dkt. 1). These parcels of land are zoned as one-family residential. Id. ¶ 7. In June 2016, Tollbrook submitted a request to the City to conditionally rezone its property so that it could develop a multi-family housing project; following comments from the City Planning Commission, Tollbrook resubmitted its site plan three times between July 2016 and January 2017. Id. ¶¶ 7-8. Tollbrook submitted its final request on January 30, 2017, following recommendations and requests from the Planning Commission that Tollbrook accepted. Id. ¶ 17.

---

[1] Because this case is before the Court under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the factual background is drawn from the allegations made in Tollbrook's complaint.

1

The final plan received a unanimous recommendation from the Planning Commission, as well as public support from city management. Id. ¶¶ 21-22.

The Troy City Council considered the conditional rezoning application on April 10, 2017. Id. ¶ 23. During the public-comment portion of this hearing, there was resounding opposition to the plan. Id. Following the public comments, the City Council denied approval of the conditional rezoning by a vote of 4 to 3. Id. ¶ 24.

Tollbrook filed suit, claiming that the City Council violated its substantive due process rights through its denial, because the decision was arbitrary and capricious and shocks the conscience, and had no legitimate governmental interest or purpose. Id. ¶¶ 27-33. Plaintiff argues that basing a decision solely on public opinion is unlawful if it fails to advance a legitimate government interest. Id. ¶ 33. Plaintiff also brings a claim under 42 U.S.C. §§ 1983 and 1988 based on the same factual pattern, as the Defendant is a government actor. Id. ¶¶ 34-38.

Troy now seeks dismissal (Dkt. 11), arguing that Tollbrook does not have a constitutionally protected interest in the rezoning of its property, and that, even if it did, the City Council's exercise of its discretion to deny the rezoning was not arbitrary and capricious. Troy also argues that the §1983 and §1988 claim must be dismissed because there is no underlying constitutional violation.

## II. STANDARD OF REVIEW

On a motion to dismiss pursuant to Rule 12(b)(6), "[t]he defendant has the burden of showing that the plaintiff has failed to state a claim for relief." Directv, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007). The motion "should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. The Court must assume that all alleged facts are true, even when their truth is doubtful, and must make all reasonable inferences in favor in of the plaintiff. Bell Atl. Corp. v. Twombly, 550

U.S. 544, 555-556 (2007). The complaint need not contain detailed factual allegations; rather, it only needs enough facts to plausibly suggest illegality. Id. Although the Court is required to assume that the allegations in the complaint are true, the Court is also entitled to "consider materials in addition to the complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice." New England Health Care Employees Pension Fund v. Ernst & Young, LLP, 336 F.3d 495, 501 (6th Cir. 2003).

### III.    ANALYSIS

#### A. Due Process Claim

Tollbrook argues that the City Council's denial of its petition for conditional rezoning violated its due process rights under the 14th Amendment. The power of local governments to zone and control land use is quite broad, though not infinite. See Pearson v City of Grand Blanc, 961 F.2d 1211, 1223 (6th Cir. 1992). The limits are provided, at least in part, by the Due Process Clause. The Sixth Circuit has articulated a two-part test for determining whether a plaintiff can show a substantive due process violation in the context of zoning regulations. Plaintiffs must show "that (1) a constitutionally protected property or liberty interest exists, and (2) the constitutionally protected interest has been deprived through arbitrary and capricious action." EJS Properties, LLC v. City of Toledo, 698 F.3d 845, 855 (6th Cir. 2012). Thus, a plaintiff claiming a substantive due process violation in the zoning context must plead both prongs to survive the motion-to-dismiss stage.

##### i.    Constitutionally Protected Interest

To assert a constitutionally protected interest, a party must have either a "legitimate claim of entitlement" or a "justifiable expectation" in government action. G.M. Engineers and Associates, Inc. v. West Bloomfield Tp., 922 F.2d 328, 331 (6th Cir. 1990), citing Board of

3

Regents v. Roth, 408 U.S. 564, 577 (1972) and Olim v. Wakinekona, 461 U.S. 238, 245 (1983). Regarding land use matters, if a government body has discretion under state law to approve or disapprove specific uses of property, then a property owner cannot have a protectable claim or expectation as to a particular use. Silver v. Franklin Tp. Bd. of Zoning Appeals, 966 F.2d 1031, 1036 (6th Cir. 1992). This follows from the principle that "a party cannot possess a property interest in the receipt of a benefit when the state's decision to award or withhold the benefit is wholly discretionary." Med Corp., Inc. v. City of Lima, 296 F.3d 404, 409 (6th Cir. 2002). Put another way, a plaintiff "can have no legitimate claim of entitlement to a discretionary decision." Richardson v. Tp. of Brady, 218 F.3d 508, 517 (6th Cir. 2000). What separates the parties here is their conflicting views regarding what discretion the Troy City Council has in zoning decisions.

Troy argues that both state and local law gives the City Council broad discretion. Troy first points to Mich. Comp. Laws § 125.3405, which provides that local government "may approve" a rezoning proposal if a landowner voluntarily offers to use the land in a certain way. Mich. Comp. Laws § 125.3405(1) (emphasis added). Troy also points to Section 16.04 of the Troy Zoning Ordinance, arguing that three of the conditions under Section 16.04(C)(3)[2] —subsections

---

[2] The City of Troy Zoning Ordinance § 16.04(3) provides:
   3. Standards for Approval. A Conditional Rezoning may only be approved upon a finding and determination that all of the following are satisfied:
      a. The conditions, proposed development, and/or proposed use of the land are designed or proposed for public health, safety, and welfare purposes
      b. The conditions, proposed development, and/or proposed use are not in material conflict with the Master Plan, or, if there is material conflict with the Master Plan, such conflict is due to one of the following:
         i. A change in city policy since the Master Plan was adopted.
         ii. A change in conditions since the Master Plan was adopted.
         iii. An error in the Master Plan.
      c. The conditions, proposed development, and/or proposed use are in accordance with all terms and provisions of the zoning district to which the land is to be rezoned, except as otherwise allowed in the Conditional Rezoning Agreement.
      d. Public services and facilities affected by a proposed development will be capable of accommodating service and facility loads caused by use of the development.
      e. The conditions, proposed development, and/or proposed use shall insure compatibility with adjacent uses of land.

4

(a), (d), and (e)—are subjective in nature, giving the Council a great amount of discretion in determining, for example, whether a proposal benefits public health, safety, and welfare.

Tollbrook argues that Troy overstates its discretion, arguing that the Zoning Ordinance requires the City Council to do certain things when deciding a conditional rezoning application. For example, Section 16.03(A)(6) requires the Council approve, deny, or postpone the application. Tollbrook claims that this provision provides a protected liberty interest in the City's compliance with the ordinance. Further, Tollbrook argues that the ordinance mandates an approval upon a finding and determination that all five standards are satisfied.

The Court agrees with Troy, based on directly applicable Sixth Circuit precedent. In <u>Silver v. Franklin Tp. Bd. of Zoning Appeals</u>, 966 F.2d 1031 (6th Cir. 1992), the Sixth Circuit upheld the district court's grant of summary judgment in favor of the zoning appeals board, finding that the developer could not establish the existence of a constitutionally protected property or liberty interest to demand the right to a particular use of his property. In that case, the plaintiff-developer acquired an option to purchase an undeveloped parcel of land, and sought permission from the township's board of zoning appeals to use the land to build a residential complex. <u>Id.</u> at 1031. The proposed use was a "conditionally permitted use," requiring permission from the Board. <u>Id.</u> The Board denied the request, and the Sixth Circuit upheld the dismissal of the plaintiff's suit, finding that the Zoning Resolution provided the Board with great discretion because of the factors the Board could consider: "whether the proposed use is (1) <u>harmonious</u> and <u>appropriate</u> in appearance with the existing or intended character of the general vicinity; (2) <u>hazardous</u> or <u>disturbing</u> to existing or future adjoining neighborhoods; or (3) <u>detrimental</u> to the property in the immediate vicinity." <u>Id.</u> at 1036 (emphasis in original). Because the factors gave the Board broad

5

discretion, the plaintiff could not have a protected interest "even if he complied with certain minimum, mandatory requirements." Id.

The Sixth Circuit reaffirmed this holding in Triomphe Investors v. City of Northwood, 49 F.3d 198 (6th Cir. 1995), finding that the plaintiff there could not succeed on its due process claim, despite meeting the "minimum, mandatory requirements," because "[t]he use of the word 'may' [in the City Code] provides sufficient discretion to undercut any argument that the language of the zoning regulations vested in [plaintiff] an entitlement to the special use permit once the four [minimum, mandatory] factors [] were fulfilled." Id. at 203 (alterations added).

Notably, a grant of discretion to a government body will doom the due process claim even if there are allegations of corruption by the government, as a benefit does not cease "to be discretionary depending on whether the discretion is exercised free of corruption. The law is clear that a party cannot have a property interest in a discretionary benefit." EJS Properties, LLC v. City of Toledo, 698 F.3d 845, 857 (6th Cir. 2012).

Here, the Court concludes that Tollbrook has no constitutionally protected interest. Similar to the ordinance at issue in Silver, the ordinance here has a set of minimum, mandatory standards that the City Council must find satisfied before approving a rezoning request. Like the factors in Silver, the factors that the City Council must consider are quite subjective, giving the Council a great amount of discretion. See Silver, 966 F.2d at 1036. The Ordinance requires the Council to determine, among other factors, that 1) the proposed development promotes public health, safety, and welfare; 2) public services and facilities affected by a proposed development will be capable of accommodating service and facility loads caused by use of the development; and 3) the proposed development insures compatibility with adjacent uses of land. Zoning Ordinance 16.04(C)(3)(a), (d)-(e). These factors all give the City Council substantial latitude in finding against a rezoning.

Further evidence of the grant of significant discretion is found in the fact that <u>even if</u> the five factors of § 16.04(3) are met, the Council still need not approve the request. The Ordinance dictates that a "Conditional Rezoning <u>may only</u> be approved upon a finding and determination" that the five factors are met. Zoning Ordinance 16.04(C)(3) (emphasis added). As the Sixth Circuit explained in <u>Triomphe</u>, the use of the word "may" means that there is no entitlement even if the minimum, mandatory standards are met. <u>Triomphe</u>, 49 F.3d at 203. The ordinance at issue here gives the City Council permission to grant a rezoning if the conditions are met, but it does not require it.

Given the significant discretion given to the City Council, the Court concludes that Tollbrook cannot have a "legitimate claim of entitlement" or a "justifiable expectation" in approval of the rezoning request, and thus has no constitutionally protected interest. Therefore, Tollbrook's due process claim fails on this basis.

### ii. Arbitrary and Capricious

The claim also fails because there are no plausible allegations that the decision was arbitrary and capricious.

Tollbrook alleges in the complaint that the decision to deny rezoning was arbitrary and capricious and shocked the conscience to the extent that the denial was "based solely on public opposition or other reasons unrelated to legitimate land use and zoning planning reasons." Compl. ¶ 33. Troy contends that Tollbrook would need to show egregious conduct by the City Council. <u>Collins v. Harker Heights</u>, 503 U.S. 115, 129 (1992). This type of egregious conduct, which must shock the conscience, "violate[s] the decencies of civilized conduct" and must be "so brutal and offensive that it does not comport with traditional ideas of fair play and decency." <u>Dohner v. Neff</u>, 240 F. Supp. 2d 692, 703 (N.D. Ohio 2002). Troy argues that it "is difficult to fathom a situation

7

where a legislative body that listens and responds to public opinion before making a discretionary decision even falls on this spectrum." Mot. to Dismiss at 21.

Tollbrook acknowledges that the standard for determining arbitrary and capricious is difficult to meet, but contends that it has adequately pleaded that the Council's decision did not satisfy these standards. According to Tollbrook, the minutes of the meeting contain no indication that the Council exercised any professional judgment in voting against the proposal and there is nothing to indicate that the City Council members paid attention at all to the evidence presented at the hearing. Nor, Tollbrook contends, is there any evidence that the Council made a finding or determination that the standards for approval of a request were not satisfied. For these reasons, Tollbrook argues that the zoning decision was arbitrary and capricious.

To prevail on a claim of arbitrary and capricious conduct, a plaintiff must show that "there is no rational basis" for the governmental decision. Andreano v. City of Westlake, 136 Fed. Appx. 865, 872 (6th Cir. 2005) (internal quotation marks omitted). A zoning decision "will withstand substantive due process attack unless it is not supported on any rational basis or is willful and unreasoning action, without consideration and in disregard of the facts or circumstances of the case." Id. So long as "there exists a rational relationship between the terms of the ordinance and a legitimate governmental purpose," a local zoning ordinance will survive. White Oak Property Development, LLC v. Washington Tp., 606 F.3d 842, 853 (6th Cir. 2010).

Here, the ordinance provides that a rezoning may only be approved upon a finding that the proposal is designed or proposed for public health, safety, and welfare purposes; that the proposal does not materially conflict with the City's Master Plan; that the proposal is in accordance with all terms and provisions of the new zone; that public services and facilities will be capable of accommodating service and facility loads caused by the development; and that the proposal is

compatible with adjacent uses of the land. Zoning Ordinance 16.04(C)(3). These factors clearly have a rational relationship to a legitimate governmental purpose: the Troy City Council is entitled to protect the health, safety, and welfare of city residents and to ensure consistency in development throughout the city. Thus, there exists a rational relationship between the ordinance and a legitimate governmental purpose—protecting the health and safety of its citizens, as well as maintaining the integrity of the city's Master Plan.

Further, contrary to Tollbrook's assertions, a review of the video of the Troy City Council meeting in question shows that the councilmembers did indeed consider the factors articulated by the ordinance and stated reasons indicating adherence to the ordinance when voting against Tollbrook's proposal.[3] At the meeting, several councilmembers expressed safety concerns that would be caused by increased traffic on the street surrounding the proposed apartment complex, especially because that street did not have sidewalks. Two councilmembers also expressed hesitance that the apartment complex would not fit with the City's Master Plan, because the complex would be surrounded by single-family homes. These concerns correlate directly with factors to be considered under the rezoning ordinance, and thus it cannot be said that there was no rational basis for the governmental decision. See Braun v. Ann Arbor Charter Tp., 519 F.3d 564,

---

[3] The video of the city council meeting, posted by the City of Troy, is accepted as evidence by judicial notice. See Total Benefits Planning Agency Inc. v. Anthem Blue Cross & Blue Shield, 630 F. Supp. 2d 842, 849 (S.D. Ohio 2007) ("Rule 201 of the Federal Rules of Evidence permits a court to take judicial notice of facts that are not subject to reasonable dispute in that they are either generally known within the territorial jurisdiction of the trial court or capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed.R.Evid. 201(b). Public records and government documents are generally considered not to be subject to reasonable dispute. . . . This includes public records and government documents available from reliable sources on the Internet.") (internal quotation marks omitted); New England Health Care Employees Pension Fund v. Ernst & Young, LLP, 336 F.3d 495, 501 (6th Cir. 2003) ("[A] court ruling on a Rule 12(b)(6) motion may consider materials in addition to the complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice."). The video can be accessed at https://www.youtube.com/watch?v=CSO5AT-m3IE (last accessed December 27, 2017).

574 (6th Cir. 2008) (holding that the reasons stated by government officials in a zoning decision defeated an "argument that the decision had no rational relationship to any public purpose").

Accordingly, the Court concludes that the Troy City Council was not arbitrary and capricious in denying Tollbrook's conditional rezoning proposal.

### B. § 1983 Claim

The Supreme Court has constantly held "§ 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." See, e.g., Graham v. Connor, 490 U.S. 386, 393-394 (1989) (internal quotation marks and citations omitted). Thus, if there is no underlying constitutional claim, a § 1983 claim cannot proceed. Because the Court has determined that Tollbrook's substantive due process claim fails, the §§ 1983 and 1988 claim must also fail.

### IV. CONCLUSION

For these reasons, the Court concludes that the City of Troy has established that Tollbrook has failed to state a claim for a violation of substantive due process or for violation of 42 U.S.C. §§ 1983 and 1988 under Rule 12(b)(6). Accordingly, Troy's motion to dismiss (Dkt. 11) is granted.

SO ORDERED.

Dated: January 9, 2018     s/Mark A. Goldsmith
Detroit, Michigan           MARK A. GOLDSMITH
                            United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 9, 2018.

s/Karri Sandusky
Case Manager